■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. MICHAEL, Appellant.—Judgment unanimously affirmed. Memorandum: Appellant was stopped at 2:30 A.M. because the arresting officer observed his vehicle swerving from one side of the road to the other. The officer stated that he noted appellant's fumbling efforts to locate his license and registration, the very strong smell of alcohol on his breath and, upon exiting the vehicle, his unstable walk. Based on these facts appellant was arrested for driving while intoxicated. A subsequent breathalyzer test showed .21% blood alcohol. Appellant argues that section 504 of the Vehicle and Traffic Law which provides for a "detachable" "record of conviction stub" that "shall not be subject to inspection" by police, conferred upon him a constitutional right of privacy which was violated in this case. We assume, as did the trial court, that the arresting officer communicated on his radio telephone at the scene and learned that appellant had a previous DWI conviction. This assumption is founded on the fact that the appearance ticket issued in this case alleged a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law as a "felony". We do not find that the section was violated under the circumstances of this case. Here appellant was not required to and did not in fact exhibit his record of conviction stub to the arresting officer. Inasmuch as the provisions of this section of the Vehicle and Traffic Law "are restricted to those matters specifically mentioned therein" *(People v Dawley,* 19 NY2d 663, 664), the conviction is affirmed. (Appeal from judgment of Onondaga County Court—driving while intoxicated.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ. [94 Misc 2d 430.]